**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6177**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC BERNARD SMITH, a/k/a Pac-Man, a/k/a E,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:03-cr-00012-RLV-2; 5:12-cv-00170-RLV)

Submitted: July 18, 2017                    Decided: October 11, 2017

Before KING, SHEDD, and AGEE, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Eric Bernard Smith, Appellant Pro Se. Anthony Joseph Enright, Assistant United States Attorney, Jill Westmoreland Rose, United States Attorney, Anne Magee Tompkins, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Bernard Smith, a federal prisoner currently serving a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A) (2012), appeals the district court's order dismissing his motion seeking relief from his life sentence through various means. In this motion, Smith asserted that he was entitled to relief under 28 U.S.C. § 2255 (2012), and alternatively, under 28 U.S.C. § 2241 (2012), or through petitions for a writ of error coram nobis or for a writ of audita querela. The district court dismissed Smith's § 2255 motion for lack of jurisdiction because it was a successive motion for which Smith had failed to obtain prefiling authorization from this court, and denied his alternate bases for relief. This case was most recently held in abeyance for *United States v. Surratt*, No. 14-6851, which has since been dismissed as moot. *See United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017) (published order). This case was removed from abeyance status, and briefing has been completed.

First, to the extent that Smith seeks to appeal the district court's dismissal of his motion as an unauthorized, successive § 2255 motion, we conclude that he has failed to make the requisite showing for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2012); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *United States v. Winestock*, 340 F.3d 200, 205-06 (4th Cir. 2003). Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal.

To the extent that Smith appeals the district court's denial of his alternate claims for either a petition for a writ of audita querela or error coram nobis, we have reviewed

2

the record and find no reversible error. Accordingly, we affirm that aspect of the order for the reasons stated by the district court. *See United States v. Smith*, Nos. 5:03-cr-00012-RLV-2; 5:12-cv-00170-RLV (W.D.N.C. Dec. 7, 2012).

Finally, we agree with the Government that, even if Smith could assert in a § 2241 petition a *Simmons*[*] challenge to the predicate felony drug convictions underlying his life sentence, such a claim would fail as a matter of law. Specifically, success on the second component of Smith's *Simmons* claim required finding that Smith's 1997 North Carolina convictions for three drug offenses could not serve as predicate felony convictions for the enhanced sentence because, by virtue of the plea agreement underlying these convictions, Smith was not actually exposed to more than one year of imprisonment. But, as the Government aptly identifies, our ruling in *United States v. Valdovinos*, which was issued after the district court denied Smith's § 2241 petition on other grounds, squarely forecloses this contention. 760 F.3d 322, 326 (4th Cir. 2014) ("North Carolina's unique sentencing regime, not a plea agreement, determines whether a defendant's conviction is punishable by imprisonment exceeding one year and so qualifies as a federal sentencing predicate."). Accordingly, we affirm the denial of § 2241 relief in this case, albeit on the alternate basis that Smith's *Simmons* challenge to his life sentence cannot succeed.

For these reasons, we dismiss this appeal in part and affirm the district court's order in part. We dispense with oral argument because the facts and legal contentions are

---

[*] *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*
